# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ALFIA YHAN, | |
| Plaintiff, | 1:07-cv-63 |
| v. | |
| HOVENSA, L.L.C., | |
| Defendant. | |
| ALFIA YHAN and WAYNE S. HAWLEY, | |
| Plaintiffs, | 1:10-cv-32 |
| v. | |
| HOVENSA, L.L.C., | |
| Defendant. | |

TO: Vincent A. Colianni, II, Esq.
     Andrew C. Simpson, Esq.
     Linda J. Blair, Esq.

## ORDER GRANTING HOVENSA'S MOTION TO CONSOLIDATE

THIS MATTER came before the Court upon HOVENSA's Motion to Consolidate (1:07-cv-63, Docket No. 110; 1:10-cv-32, Docket No. 12). This order is issued without necessity of response.

*Yhan v. HOVENSA, L.L.C./Yhan v. HOVENSA, L.L.C.*
1:07cv-63/1:10-cv-32
Order Granting HOVENSA's Motion to Consolidate
Page 2

Defendant HOVENSA, L.L.C., moves to consolidate these two actions on the grounds that the matters involve both common parties and common questions of law and fact and that consolidation is necessary to avoid confusion of the jury and prejudice to Defendant.

## **DISCUSSION**

The applicable Rule of Civil Procedure governing consolidation is Rule 42(a), which states in relevant part: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

Rule 42(a) provides for consolidation when actions pending in the same court "involve a common question of law or fact." *Richardson v. Virgin Islands Housing Authority*, 18 V.I. 351, 357 (D.V.I. 1981). Consolidation is "permitted as a matter of convenience and economy in administration, but it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties to one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). The moving party bears the burden of proof on a motion to consolidate. *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005) (internal citations omitted). District courts have broad discretion in

*Yhan v. HOVENSA, L.L.C./Yhan v. HOVENSA, L.L.C.*
1:07cv-63/1:10-cv-32
Order Granting HOVENSA's Motion to Consolidate
Page 3

deciding motions to consolidate. *Borough of Olyphant*, 153 F. App'x at 82 (citing *Farahmand v. Rumsfeld*, No. 02-1236, 2002 U.S. Dist. LEXIS 22473, at *1 (E.D. Pa. Nov. 20, 2002)).

The factors the Court considers in deciding a motion to consolidate are whether: (1) the common issue is the principle issue, (2) consolidation will cause delay in one of the cases, and (3) consolidation will "lead to confusion or prejudice in the trial of a case." *Farahmand*, 2002 U.S. Dist. LEXIS 22473, at *4 (internal citations omitted). If the evidence in one case is not relevant to the issues in the other, the unrelated evidence would create confusion by consolidating the two cases. *Farahmand*, 2002 U.S. Dist. LEXIS 22473, at *5 (internal citations omitted). An example of delay in a case would be discovery being further along in one case than the other. *Farahmand*, 2002 U.S. Dist. LEXIS 22473, at *5 (internal citations omitted).

Although the matters at issue are not completely identical, the claims of Plaintiff Yhan in the later-filed case, *Yhan v. HOVENSA, L.L.C.*, 1:10-cv-32, also are alleged as a claim in the earlier case, *Yhan v. HOVENSA, L.L.C.*, 1:07-cv-63. In fact, Plaintiffs in the second case acknowledges filing the first case. It is clear that the cases arise from the same set of facts and involve, at least with the retaliation claims, the same issues of law.

Although discovery has concluded in the first case, the Court agrees with Defendant that such discovery could be utilized in the second case, leaving little discovery to be

*Yhan v. HOVENSA, L.L.C./Yhan v. HOVENSA, L.L.C.*
1:07cv-63/1:10-cv-32
Order Granting HOVENSA's Motion to Consolidate
Page 4

conducted in the second case. Thus, any delay in the first case caused by consolidation would not be overly lengthy. The Court also agrees that in the absence of consolidation, confusion may be caused to the juries and inconsistent verdicts may be reached that may result in irreparable prejudice and injury to Defendant.

Consequently, the Court finds that consolidation would promote convenience and efficiency by avoiding duplication of time, effort, and resources. At the same time, equity and justice would be advanced by sparing Defendant of litigating against the same claims in two separate trials.

Accordingly, it is now hereby **ORDERED**:

1. HOVENSA's Motion to Consolidate (1:07-cv-63, Docket No. 110; 1:10-cv-32, Docket No. 12) is **GRANTED**.

2. The matters 1:07-cv-63 and 1:10-cv-32 are consolidated.

3. The caption for both cases shall appear as hereinabove.

ENTER:

Dated: August 30, 2010   /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE